[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 08, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-10727
Non-Argument Calendar

_____

D. C. Docket No. 07-00015-CR-1-SPM-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAROLD EDWARD BARANOFF,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(January 8, 2009)**

Before ANDERSON, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Harold Baranoff appeals his conviction for possession with intent to

distribute more than 50, but less than 100, kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Baranoff filed a motion to suppress evidence – including 190 pounds of marijuana – that was obtained during a search of his motor home, which occurred during the second of two traffic stops. During an evidentiary hearing on this issue, the officer who conducted the second traffic stop testified that he stopped Baranoff's motor home because it was swerving across the white line of the highway, and there was a rear taillight that was out, both of which are traffic violations under Florida law. Based on a strong odor of a cleaning agent, an open Bible inside the motor home, a religious bumper sticker on the motor home, and Baranoff's nervous demeanor, the officer believed that Baranoff was involved in illegal narcotics activity and requested a K-9 officer. The K-9 officer arrived while Baranoff was receiving two warning citations, and the dog walked around the motor home and indicated the presence of narcotics.

On appeal, Baranoff contends that the totality of the circumstances here gave the officer who conducted the second traffic stop only a "vague suspicion" that Baranoff was engaged in criminal activity, such that he "lengthen[ed]" the traffic stop into two separate stops to obtain additional facts beyond those related to the original traffic violation. He further argues that the stop was nothing more than a custodial arrest, because the detention was not justified by a legitimate purpose,

and the police officers conducted each step in the investigation with deliberate delay.

We review "a district court's denial of a motion to suppress evidence as a mixed question of law and fact, with rulings of law reviewed <u>de novo</u> and findings of fact reviewed for clear error, in the light most favorable to the prevailing party in district court." <u>United States v. Lindsey</u>, 482 F.3d 1285, 1290 (11th Cir. 2007). A decision to stop a vehicle is reasonable under the Fourth Amendment where an officer has probable cause to believe that a traffic violation occurred. <u>United States v. Simmons</u>, 172 F.3d 775, 778 (11th Cir. 1999). A traffic stop must be of limited duration and may not last "any longer than necessary to process the traffic violation unless there is articulable suspicion of other illegal activity." <u>United States v. Purcell</u>, 236 F.3d 1274, 1277 (11th Cir. 2001). Where an initial traffic stop is legal, however, the officer has "the duty to investigate suspicious circumstances that then [come] to his attention." <u>United States v. Harris</u>, 928 F.2d 1113, 1117 (11th Cir. 1991).

During a traffic stop, the officer may lengthen the detention for further questioning beyond that related to the initial stop when: (1) the officer has an objectively reasonable and articulable suspicion that illegal activity has occurred or is occurring; or (2) the initial detention has become a consensual encounter.

3

United States v. Pruitt, 174 F.3d 1215, 1220 (11th Cir. 1999).  When determining whether reasonable suspicion exists, the courts must review the "totality of the circumstances" to ascertain whether the detaining officer had a "particularized and objective basis" for suspecting legal wrongdoing.  United States v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744, 750 (2002). "[A] reviewing court must give due weight to the officer's experience."  United States v. Briggman, 931 F.2d 705, 709 (11th Cir. 1991).  However, we have stated that the basis for the officer's reasonable suspicion requires "more than the innocuous characteristics of nervousness, a habit of repeating questions, and an out-of-state license." United States v. Perkins, 348 F.3d 965, 971 (11th Cir. 2003).

The focus of Baranoff's challenge is the second stop, conducted by Deputy Condy.  We agree with the district court's rejected of Baranoff's argument that the second stop was a mere continuation of the first stop.

The traffic stop was proper because it was supported by probable cause, based on Baranoff's violations of two traffic laws.  Although both officers stopped Baranoff for his taillight, they both testified that they had not communicated with each other about the stops.

We need not decided whether Deputy Condy had reasonable suspicion to

4

lengthen the duration of the stop, because the stop[1] was not unreasonably delayed.

This Court considers several factors to determine whether a purported investigatory detention amounts to a de facto custodial arrest requiring probable cause, including: (1) the purpose of the detention; (2) the diligence of the officials in conducting the investigation; (3) the scope and intrusiveness of the detention; and (4) the duration of the detention. United States v. Hardy, 855 F.2d 753, 759 (11th Cir. 1988). First, the purpose of the detention was based on Baranoff's traffic violations and Deputy Condy's preparation of two written traffic citations resulting from these violations. Second, there was no evidence to indicate that Deputy Condy was not diligent in conducting the investigation, and the entire detention lasted only 14 to 15 minutes before the narcotics-trained dog arrived. Third, the detention cannot be said to have been intrusive, as Deputy Condy did not enter the motor home until the narcotics dog signaled the presence of drugs. Finally, the duration of the investigation was not unreasonable, and Baranoff has not offered any factual or legal argument that the duration itself was unreasonable. Thus, there was no basis on which to conclude that the investigatory detention here

_____

[1] Although we need not decide that issue, we note that Deputy Condy detected the strong smell of cleaning products, which he testified were often used to mask the odor of narcotics. He also noted a religious bumper sticker on the motor home and an open Bible in plain view on the couch, which he testified were often used to make an officer think the person is not a criminal. Finally, Baranoff appeared nervous.

5

amounted to a custodial arrest. See Hardy, 855 F.2d at 759.[2] Accordingly, we affirm.

**AFFIRMED.**[3]

---

[2] Baranoff argues for the first time in his reply brief that the investigatory detention was a custodial arrest because law enforcement officers blocked in his vehicle, such that he was not free to leave. However, because he did not raise this argument in his initial brief on appeal, it has been abandoned. See United States v. Magluta, 418 F.3d 1166, 1185-86 (11th Cir. 2005) (concluding that defendant abandoned issue that was raised for first time in reply brief), cert. denied, 126 S.Ct. 2966 (2006).

[3] Baranoff's request for oral argument is denied.